# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVELL SHORT, ) | |
| ) | Civil Action No. 10 - 219 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| JOSEPH MAZURKIEWICZ; THE ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA; THE DISTRICT ) | |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner, Devell Short, a state prisoner incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

On June 28, 1991, following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania, Petitioner was found guilty of murder in the first degree and related firearm charges and was sentenced to the mandatory term of life imprisonment without parole. Petitioner filed a timely notice of appeal and on October 20, 1994, the Superior Court of Pennsylvania affirmed his judgment of sentence (Commw. Ex. 24). Petitioner filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on March 15, 1995.

On July 9, 1996, Petitioner filed his first *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. On November 24, 1998, the PCRA Court dismissed Petitioner's PCRA Petition on the merits (Commw. Ex. nos. 45 & 47). Petitioner filed a timely Notice of Appeal and on November 9, 1999, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Commw. Ex. 52). On April 4, 2000, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal. (Commw. Ex. 54).

On April 4, 2001, Petitioner, through Chris Rand Eyster, Esquire, filed a second Motion for Post Conviction Collateral Relief claiming that a witness had recanted his testimony. On February 25, 2002, this Petition was dismissed as untimely (Commw. Ex. 60). Petitioner filed a timely Notice of Appeal and on July 3, 2003, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Commw. Ex. 67). Petitioner did not file a petition for allowance of appeal.

On November 26, 2003, Petitioner, through Attorney Eyster, filed a third Motion for Post Conviction Collateral Relief claiming that on October 25, 2003, he was made aware of a new eyewitness. On February 20, 2004, this Petition was dismissed as untimely because Petitioner failed to establish that the evidence could not have been obtained earlier through the exercise of due diligence (Commw. Ex. 72). Petitioner filed a timely Notice of Appeal and on May 18, 2005, the Superior Court of Pennsylvania affirmed the Trial Court's determination (Commw. Ex. 79). Petitioner filed a petition for allowance of appeal, which was denied by the Supreme Court of Pennsylvania on November 1, 2005 (Commw. Ex. 82).

On July 17, 2007, Petitioner, through Attorney Eyster, filed a fourth Motion for Post Conviction Collateral Relief alleging judicial bias due to new information he received from a juror

in Petitioner's trial. On November 16, 2007, this Petition was dismissed as untimely because Petitioner failed to establish that the evidence could not have been obtained earlier through the exercise of due diligence (Commw. Ex. 86). Petitioner filed a timely Notice of Appeal and on February 17, 2009, the Superior Court of Pennsylvania affirmed the Trial Court's determination (Commw. Ex. 94). Petitioner did not file a petition for allowance of appeal.

Petitioner's federal Petition for Writ of Habeas Corpus was executed on February 11, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct appeal, the Supreme Court of Pennsylvania denied Petitioner's timely filed Petition for Allowance of Appeal on March 15, 1995. Consequently, direct review of Petitioner's conviction became "final" on or about June 15, 1995, *i.e*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Consequently, direct review of the Petitioner's conviction became "final" on or about June 6, 1995, *i.e*, the date of the expiration of the ninety-day period for filing a petition for certiorari in the United States Supreme Court. *See* Swartz

v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Because the Petitioner's judgment became final before the April 24, 1996 effective date of AEDPA, he had one year from that date, *i.e.*, until April 23, 1997 to file a federal habeas corpus petition challenging his conviction. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (holding that the new one-year limitations period in the AEDPA became effective, *i.e.*, first began to run, on the effective date of the AEDPA statute, April 24, 1996); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)).

In the case at bar, however, Petitioner did not file his federal Habeas in this Court until February 11, 2010, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA Petition on July 9, 1996. This proceeding was pending from July 9, 1996 through April 4, 2000, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. See Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state

prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition). Granting Petitioner the entire benefit of this amount of time results in tolling of the one-year limitations period until April 4, 2000. Petitioner's had one year from that date, *i.e.*, until April 3, 2001 to file a federal habeas corpus petition challenging his conviction.

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until February 11, 2010, almost ten years after his limitations period had expired. He is not entitled to any statutory tolling with regards to his second, third or fourth PCRA Petitions as they all were dismissed as untimely. Pace v. DiGuglielmo, 544 U.S.408 (2005) (holding that untimely Pennsylvania PCRA petition does not toll AEDPA's limitation period); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state post conviction petition is properly filed when its delivery and acceptance are in compliance with applicable laws).

Moreover, nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other statutory provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). While he does assert that the statute of limitations period should have an alternate start date under § 2244(d)(1), he does not meet the eligibility requirements for such a claim.

In this regard, Petitioner raises several claims in his Petition based on newly discovered evidence. With respect to newly discovered evidence, 28 U.S.C. § 2244(d)(1)(D) provides that the 1 year period of limitations shall run from "the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due diligence." Petitioner has failed to show that he is entitled to this later limitations period because he has failed to demonstrate that the information he relies upon as "newly discovered evidence" could not have been obtained any sooner through the exercise of due diligence. "The one year period of limitation commences under 28 U.S.C. 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it was actually discovered." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). Whether a habeas petitioner has exercised due diligence is context-specific, and the essential question is "whether the petitioner should be expected to take actions which would lead him to the information." Wilson v. Beard, 426 F.3d 653, 661-662 (3d Cir. 2005). While this standard does not require "the maximum feasible diligence," it does require reasonable diligence in the circumstances. Schlueter, 384 F.3d at 74. A petitioner can only avail himself of a later accrual date "if vital facts could not have been known." *Id*.

Here, the Pennsylvania courts specifically found that Petitioner has not shown that he exercised due diligence in presenting his newly discovered evidence claims. This Court agrees. Petitioner has not established that the statute of limitations period should be computed from any date other than the date on which his judgment of sentence became final. Thus, his limitations period began running, at the very latest, on April 4, 2000 and expired one year later on April 3, 2001.

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978. *See also* LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. Although he tries to blame Attorney Eyster for his failure to file in time, the Court of Appeals for the Third Circuit repeatedly has held that in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes do not been found to rise to the extraordinary circumstances required for equitable tolling. *See, e.g.*, LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 76-78 (3d Cir. 2004) (attorney's misconduct did not constitute an extraordinary circumstance where that attorney did not keep his promise to file petitioner's PCRA motion on time and failed to communicate further with petitioner about the status of his petition.); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date of denial of post-conviction relief to file his federal habeas petition).

Moreover, while Petitioner sets forth an argument that he was actually innocent of the crimes of which he was convicted, it should be noted that the Court of Appeals for the Third Circuit has not

held that a showing of actual innocence is grounds for equitably tolling AEDPA's statute of limitations. *See e.g.*, Horning v. Lavan, 197 Fed. App'x. 90, 93-94 (3d Cir. 2006) ("we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence"); LaCava v. Kyler, 398 F.3d 271, 274 n. 3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome the AEDPA time bar). The Court has indicated that, if it were to permit equitable tolling based upon a claim of actual innocence, a petitioner would not be entitled to benefit from such tolling unless he exercised reasonable diligence in pursuing his claim. Horning, 197 Fed. App'x at 94; *see also* Doe v. Menefee, 391 F.3d 147, 160-62 (2d Cir. 2004), *cert. denied*, 546 U.S. 961 (2005) (holding that habeas petitioner seeking tolling of statute of limitations based on actual innocence must demonstrate "reasonable diligence during the period that he seeks to have tolled"). Moreover, as observed by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298, 324 (1995), actual innocence requires that a petitioner must provide "new reliable evidence . . . not presented at trial" which demonstrates that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Such new evidence should generally take the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id*. at 324. Petitioner fails to satisfy this standard.

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, the Petition will be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate

of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability will be denied. An appropriate order will follow.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: October 19, 2010

cc: Devell Short
BN - 6679
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601